**Donald J. ENNIS, Plaintiff,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY, Defendant.**

**Civ. A. No. 13331.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 16, 1971.

Lewis, Lewis, Spearman & Bynum, Atlanta, Ga., for plaintiff.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for defendant.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW

MOYE, District Judge.

This is a suit brought by the plaintiff under the Federal Employers' Liability Act (45 U.S.C. § 51 et seq.) seeking damages for personal injuries sustained by him when a motor car he was operating left the tracks and ran over his ankle and foot.

This case was tried by the Court, without a jury, on Tuesday, January 19, 1971.

The plaintiff, at the time of his injury on October 14, 1968, was a signal maintainer employed by defendant and was performing the duties of his employment when a motor car he was operating on defendant's railroad tracks derailed, left the tracks, and injured plaintiff's left leg and foot. Plaintiff contends that the cause of the derailment was defendant's failure to use reasonable care to furnish him with a safe place to work, and to properly maintain its line of road in the vicinity where he was injured. Specifically, plaintiff contends defendant was negligent in allowing an accumulation of sand and debris upon the tracks. As a result of the injury to his left leg and foot, plaintiff lost wages from his employment from the date of his injury to June, 1970, in the amount of $14,876.13. The measure of damages for plaintiff's pain and suffering would be the enlightened conscience of the Court, and the Court finds as a fact such damages to be $5,-123.87.

As to the cause of plaintiff's injuries, the evidence shows that the derailment probably was caused by the presence on the railroad track of a single piece of terra cotta pipe which the plaintiff, and his co-worker, Mr. Ellison, who was with him on the motor car, did not see, and which caused the wheels of the motor car to overrun the tracks and overturn. The Court finds as a fact that this is how the accident happened.

The question before the Court is whether such derailment was the result, in whole or in part, of the negligence of defendant, and, also, whether any negligence on the part of the plaintiff contributed thereto.

The evidence shows that the piece of terra cotta pipe could not have been on the track earlier than 8 a. m. on the date of the accident for otherwise it would have been crushed by the operation of a scheduled train. The derailment occurred between 3 and 4 o'clock in the afternoon, and, therefore, the terra cotta pipe could not have been on the track for more than seven or eight hours. There is no evidence that any employee of the defendant knew of the presence of the pipe prior to the derailment.

There is some evidence that the windshield of the motor car was "fogged" over but plaintiff's co-worker, Mr. Ellison, testified that he was on the right front of the motor car, that he was keeping a lookout ahead, and that he did not see any sand or other obstruction on the rail; he said that the condition of the windshield did not affect his ability to look ahead.

The evidence showed that the plaintiff was thoroughly familiar with the area where the derailment occurred and that he knew that adjacent to the place of derailment was a building supply company which sold such items such as sand and terra cotta pipe, and that the area between the track and the building itself was used by vehicular traffic.

The plaintiff apparently contends that the defendant should have constantly patrolled or policed the area in question to remove or prevent the accumulation of any debris before plaintiff operated the motor car at the point where the accident occurred. But the motor car itself was equipped with track sweepers, and any impediment on the track too large to be handled by the motor car sweepers would be sufficiently large to have been seen by the plaintiff or his co-worker in the exercise of ordinary care. The Court, therefore, finds that the primary cause of the accident which injured plaintiff was the negligence of plaintiff

in operating the motor car without adequate attention to the tracks in front of him, and at a speed at which the car would overturn when it encountered a relatively small piece of debris on the track (the terra cotta pipe itself being introduced in evidence in this case as defendant's Exhibit 1).

If any negligence on the part of the railroad "even the slightest" has causal relationship to an injury sustained by an employee, the railroad is responsible for any damages ensuing therefrom. Rogers v. Missouri Pacific RR, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1956).

45 U.S.C. § 53 provides:

"In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee * * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished * * * in proportion to the amount of negligence attributable to such employee * * *."

In this case, the only two areas where the defendant may have been negligent were (1) failure to patrol or sweep the tracks prior to the operation of the motor car, and (2) the failure to correct the "fogged" windshield. With respect to the failure to sweep the tracks, the Court finds that the defendant was not negligent; that the presence of the terra cotta pipe on the track had not been called to its attention; and that it had no reason or duty to maintain a constant patrol looking for such debris under its system. In this connection, see Wetherbee v. Elgin, Joliet & Eastern Railway Co., 191 F.2d 302, 306 (7th Cir. 1951). Since the accident was the result of a failure of plaintiff and his co-worker to observe the terra cotta pipe on the railroad track, and since the "fogged" windshield may somewhat have impaired their ability to maintain a lookout, the Court finds that this factor may have

contributed to a "slight" degree to the accident. Rogers, supra. Therefore, the Court finds as a matter of fact that the plaintiff's injuries were caused by the combination of his own negligence and that of the railroad defendant, in the following proportions: 85 percent plaintiff—15 percent defendant.

## CONCLUSION

### I.

The Court has jurisdiction of the parties and of the subject matter.

### II.

Plaintiff's injuries were the result of his own and the defendant's negligence in the following proportions: 85 percent plaintiff—15 percent defendant.

### III.

Plaintiff is entitled to judgment from defendant in the amount of $3,000.

Let a judgment issue accordingly.