**Donald J. ENNIS, Plaintiff-Appellant,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY, Defendant-Appellee.**

No. 71–1668

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1971.

T. J. Lewis, Jr., Atlanta, Ga., for plaintiff-appellant.

Robert L. Pennington, Atlanta, Ga., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This appeal arises from a non-jury suit brought by the plaintiff, Donald J.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Ennis, pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq., seeking damages for injuries he sustained while an employee of the defendant railroad. Finding that the trial court, D.C., 322 F.Supp. 1284, may not have properly allocated the chargeable negligence between plaintiff and defendant, we reverse and remand.

On October 14, 1968, Ennis, while in the performance of his duties as a signal maintainer for the defendant, was operating a motorcar furnished by defendant on defendant's tracks, when the motorcar was derailed causing plaintiff's injuries.[1] With Ennis at the time was his assistant, who was also employed by the railroad. The trial court found that the derailment was caused by a piece of terra cotta pipe on the tracks, apparently having come from an adjacent building supply company. The court decided that the accident resulted from the combined negligence of the railroad and the plaintiff employee. The railroad was negligent in furnishing a motorcar with a "fogged" windshield which "may somewhat have impaired [the employees'] ability to maintain a lookout."[2] As to the plaintiff, it found that "the accident was the result of a failure of plaintiff and his co-worker to observe the terra cotta pipe on the railroad track." The district court did not bar recovery due to plaintiff's own negligence but rather diminished the damages in proportion to the negligence attributable to plaintiff, in keeping with 45 U.S.C. § 53.[3] It found that the plaintiff was 85% negligent and that the defendant was 15% negligent. This resulted in a judgment for plaintiff in the amount of $3,000, since damages were found to total $20,000.

Had plaintiff been solely responsible for keeping a lookout this judgment would stand. However, it appears that the trial court found that plaintiff's co-worker was also negligent for failing to observe the pipe on the track. Any negligence of a co-employee which contributed to the accident would have to be charged to the defendant as a matter of law. The FELA makes the railroad liable "for such injury * * * resulting in whole or in part from the negligence of any of [its] officers, agents, or *employees* * * *." 45 U.S.C. § 51. This Act abrogated the common law fellow servant doctrine and permitted a railroad worker to recover from his employer for an injury caused in whole or in part by a fellow worker. Sinkler v. Missouri Pacific R. R., 356 U.S. 326, 330, 78 S.Ct. 758, 2 L.Ed.2d 799 (1958); Atlantic Coast Line R. R. v. Massengill, 264 F.2d 726 (4th Cir. 1959).

Although it is thus clear that the defendant is liable for any negligence of the plaintiff's co-worker, it does not appear that the trial court considered such negligence in determining the amount of defendant's liability. Plaintiff was found to be 85% at fault for failure to keep a lookout. Although the co-worker was in a position to see the pipe, apparently no consideration was given to the proportion of negligence attributable to him. The 15% attributed to defendant was for the "fogged" windshield and not for the co-worker's failure to keep a lookout.

Accordingly, we reverse and remand this case for the trial court to reconsider this matter in the light of the principle that the defendant must be charged with the negligence of the co-worker, if any. However, nothing in this opinion

1. The motorcar was otherwise described as a small gasoline powered, dolly-type vehicle that rides on rails.

2. The windshield had turned brown due to lengthy exposure to the sun.

3. 45 U.S.C. § 53.
   "In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee * * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished * * * in proportion to the amount of negligence attributable to such employee * * *."

should be taken to influence the ultimate determination of facts by the court, or to preclude reconsideration of any other aspects of the case, should the court be so disposed.

Reversed and remanded.